**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4365**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GEORGE TERRELL GIBBS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00338-FL-2)

Submitted: April 25, 2019                      Decided: April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, Joseph Gilberts, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Adam F. Hulbig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Terrell Gibbs appeals his 57-month sentence imposed after pleading guilty, without a plea agreement, to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and six counts of bank fraud, in violation of 18 U.S.C. § 1344 (2012). On appeal, Gibbs' sole contention is that the district court improperly applied a two-level sentencing enhancement for possessing a firearm in connection with the offense, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(15) (2016). We affirm.

"Although the [S]entencing [G]uidelines are only advisory, improper calculation of a [G]uideline range constitutes significant procedural error, making the sentence procedurally unreasonable and subject to being vacated." *United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (brackets and internal quotation marks omitted).

In pertinent part, USSG § 2B1.1(b)(15) provides for a two-level enhancement to the base offense level if the "offense involved . . . possession of a dangerous weapon (including a firearm) in connection with the offense." In interpreting a similarly worded sentencing enhancement, we have explained that a defendant possesses a firearm "in connection with" another felony offense when the firearm facilitated, or had the potential of facilitating, the other offense. *United States v. Blount*, 337 F.3d 404, 411 (4th Cir.

2003). We have further explained that "[t]his requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. McKenzie-Gude*, 671 F.3d 452, 463-64 (4th Cir. 2011) (internal quotation marks omitted).

At Gibbs' sentencing hearing, the Government presented testimony from United States Postal Inspection Service Inspector James Earl Hoke. Hoke testified that two coconspirators had informed him that Gibbs carried a firearm during the conspiracy. Hoke's testimony further established that, in one instance, Gibbs possessed a firearm while he waited outside a bank for a coconspirator to cash a fraudulent check. The district court found, by a preponderance of the evidence, that Gibbs possessed a firearm in connection with the offense.

We find no error in the district court's application of USSG § 2B1.1(b)(15). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*